## Snively *against* Luce.

An unexecuted parol partition is void; and it is still parol when made by the intervention of agents acting by virtue of a parol authority, though their act be evinced by a writing under seal.

ERROR to the common pleas of *Butler* county.

This was an action of ejectment brought by *Henry Snively* against *Stephen Luce,* for a tract of land in *Butler county ;* upon the trial of which the defendant, in order to maintain the issue on his part, offered in evidence certain depositions to prove, that *John, Samuel, David,* and *Robert Cunningham,* heirs at law of *James Cunningham* deceased, having been tenants in common of certain lands, including that in dispute, had, by parol, appointed four individuals to make a division and partition of the said lands between them ; that the persons thus appointed went upon the ground, and made the partition, and awarded to each of the said tenants in common, a particular part; and to accompany this, proof with the award, in writing, signed by the men, acknowledged before a justice of the peace, and recorded. It did not appear that separate possession was taken, in pursuance of the partition. To this evidence the plaintiff objected, upon the ground that a partition made by parol authority was void. The court below overruled the objection, and admitted the evidence ; to which exception was taken, and the same question was here argued by

*W. W. Fetterman,* for plaintiff in error.
*Gilmore,* for defendant in error.

*Per Curiam.*—An unexecuted parol partition is void; and it is still parol when made by the intervention of agents, pursuant to a parol authority, though their act be evinced by a writing under seal. That can give it no additional authority ; and the whole being irrelevant, and void, ought not to have gone to the jury.

Judgment reversed, and a *venire de novo* awarded.