ALBANY,
Oct. 1834.

Valentine.
v.
Northrop.

---

VALENTINE and others *vs.* NORTHROP.

In *ejectment* by a *tenant in common*, it is a sufficient denial by the defendant of the plaintiff's right as a co-tenant to entitle the plaintiff to recover, that the defendant claims the *whole premises* as his own, that he has *offered to sell* the same, and declares that the plaintiff would be compelled in equity to execute a deed given by his brothers and sisters, as heirs of their father, in compliance with a contract made with the grantor of the defendant.

THIS was an action of *ejectment*, tried at the Oswego circuit in June, 1832, before the Hon. NATHAN WILLIAMS, then one of the circuit judges.

The plaintiffs showed title to *four ninths* of the premises in question, as the children and heirs at law of *Nathan Fish*, and proved that the defendant held under a title derived from *five*

*other children and heirs of Nathan Fish;* and also, that the defendant claimed the *whole* premises *as his own,* and had *offered to sell the same,* and on being reminded that *all* the heirs of Fish had not signed the deed through which his title was derived, said he presumed they would sign it, as the consideration had been paid ; that he presumed that the heirs who had not signed it had received their share of the consideration, and that he thought equity would compel them to sign it. The defendant insisted that if the plaintiffs were entitled to recover, they must recover as *tenants in common ;* and as they had not shown an *actual ouster,* or any act amounting to a *total denial* of the right of the plaintiffs as co-tenants, they were not entitled to a verdict ; the jury, under the charge of the court, found for the plaintiffs, which verdict the defendant moved to set aside.

*J. A. Spencer,* for the defendant.

*S. Stevens,* for the plaintiffs.

*By the Court,* SAVAGE, Ch. J.   The revised statutes declare, that if the action of ejectment be brought by *tenants in common* against their co-tenants, they shall, in addition to other necessary evidence, prove that the defendants *ousted* the plaintiffs, or did some other act amounting to a *total denial* of their right as co-tenants.   The assertion by the defendant of his ownership of the *whole* premises, and his offer to sell, coupled with this declaration that the plaintiffs *would be compelled to sign the deed* through which he derived his title, amount to a sufficient denial of the plaintiffs' right as co-tenants to entitle them to a verdict.

New trial denied.