## SWARTHOUT et al. *vs.* CURTIS et al.

Under the former practice of the court of chancery a decree was regarded as final which reserved no questions, although a reference was directed upon which questions might arise to be again brought before the court.

But under the code of procedure such a decree is not "a final determination of the rights of the parties," for the purpose of an appeal to the court of appeals.

Such a decree, however, becomes final within the meaning of the code, after the reference has been had and the report of the referee has been confirmed by the court. An appeal will then lie from the decree.

An appeal lies only from an actual determination of the subordinate court. A judgment or order taken by default, therefore, is not appealable.

BILL filed in 1845, to set aside a satisfaction piece, and satisfaction of a mortgage, which had been entered of record, and to foreclose the mortgage. In September, 1847, the supreme court, in special term, on pleadings and proofs, made a decree

setting aside the satisfaction piece, and the entry of satisfaction of record; declaring the mortgage a valid security, and directing a foreclosure in the usual form. It was referred to the county judge to compute and ascertain the amount due on the mortgage; and on the coming in and confirmation of his report, the premises were to be sold, and the purchaser let into possession; and the complainants were to have execution for the balance, &c. No questions were reserved. The decree was [416] re-heard and affirmed by the supreme court, in general term, in November, 1849. The referee made his report of the amount due in March, 1850, and in April following, on notice of motion for that purpose, the supreme court, in special term, confirmed the report of the referee by default—no one appearing to oppose. The defendants then appealed to this court from the special term decree of September, 1847, the general term decree of affirmance in November, 1849, and from the special term order of April, 1850, confirming the report of the referee.

*S. Stevens*, for the respondents, moved to dismiss the appeal, on the ground that the decree for foreclosure, &c. was not final, because an account was to be taken of the amount due on the mortgage: and in taking the account questions of payment might be litigated, and either party might except to the report, and thus bring the matter again before the court. He said there could be no appeal from the order of confirmation, because it was taken by default; and besides, an appeal would not lie from the special term to this court. He cited *Kane* v. *Whittick*, (8 *Wend.* 219.)

*B. W. Bonney*, for the appellant, cited 6 *Howard*, 201; 13 *Peters*, 15; 3 *Cranch*, 179; 9 *Paige*, 622, 639.

BRONSON, Ch. J. As no question was reserved, and nothing remained to be done beyond computing the amount due on the mortgage, the decree was final within the meaning of that term under the former practice, although questions might possibly arise on the reference which would bring the cause again before

the court. But we think the decree was not final, for the purposes of an appeal, under the present practice. It is the policy of the code to allow only one appeal to this court in the same cause; which can not be brought until after the suit is at an end in the court of original jurisdiction. There may be an appeal to this court from "a judgment," which is defined by the code to be "the final determination of the rights of the parties in the action." (§ 11, 245.) And when the appeal has been perfected, the clerk is directed to transmit to this [417] court a certified copy of "the judgment roll," which can not exist until after the amount of the recovery has been ascertained. (§ 328; *and see Supp. Code*, § 2, *sub.* 3.) But although the decree, at the time it was affirmed by the supreme court in general term, was not final within the meaning of the code, so as to authorize an appeal to this court, we think it became final when the referee's report of the amount due on the mortgage was afterwards confirmed, and that the appeal which was then taken from the decree was authorized by law. There is undoubtedly a want of strict accuracy in calling the same decree final at one time, and not so at another; but the construction which we have given to the statute is the only one which will secure the right of review, and at the same time give effect to the manifest intention of the legislature to abolish the former practice, which allowed several appeals in different stages of the same cause, and restrict the parties to one appeal, to be brought after final judgment.

The merits of the order confirming the report, will not come under review on the appeal, because it was taken by default, and at a special term; and an appeal will only lie from an "actual determination" made "at a general term." (§ 11.) Still it will be proper to have that order before us, for the purpose of showing that the decree of the supreme court had become final before the appeal was taken.

Motion denied.