## EDWARD SHEPARD

*v.*

## NUNNA RINKS.

1. PAROL PARTITION—*whether binding on the parties.* A parol partition of land between tenants in common, carried into effect by possession taken by each party of his respective share according to the partition, will be valid and binding on the parties.

2. SAME—*what constitutes such a partition.* One of two tenants in common of land sold and conveyed by warranty deed one-half the premises, as an entirety, to a stranger. Subsequently, the same party, as the attorney in fact of his co-tenant, contracted to sell the remaining half, and that sale was consummated by the principal executing a deed to the purchaser for such remaining half, the party making the sale being present at the execution of the deed and signing his name as a witness thereto. This

disposition of the land seems to have been acquiesced in by the respective co-tenants for nearly thirty-eight years, when he who first conveyed brought ejectment against a remote grantee of his co-tenant to recover an undivided half of the half of the land which the latter had so conveyed: *Held*, that, upon the facts, there was at least a parol partition of the land between the tenants in common, each taking the portion so disposed of by him, so that the defendant in ejectment was not guilty of unlawfully withholding the possession from the plaintiff.

APPEAL from the Superior Court of Cook county; the Hon. J. McROBERTS, Judge, presiding.

Messrs. McDAID & WILSON, for the appellant.

Mr. E. S. BRAGG, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of ejectment, commenced on the 19th day of May, 1874, by Edward Shepard, against Nunna Rinks, to recover the possession of the undivided half of the west half of the south-east quarter of section 27, township 38, range 4, in Cook county, in this State. The judgment in the court below was for the defendant, from which the plaintiff appealed.

The facts, as we understand from the evidence, are as follows: Hartman Markoe and Edward Shepard purchased from the United States, as tenants in common, the south-east quarter of section 27, township 38, range 4, in Cook county, Illinois.

On the 8th day of September, 1836, Edward Shepard sold and conveyed by warranty deed to Maurice Wakeman the east half of the south-east quarter of said section. This deed conveyed the land as an entirety, and was recorded in Cook county, October 14, 1836.

Shepard became the attorney in fact of his co-tenant, Markoe, and contracted to sell, on behalf of Markoe, the west half of the south-east quarter of said section to Edward Reid. Markoe, in the fulfillment of that contract, conveyed

by warranty deed to Reid, November 29, 1836, the west half of the south-east quarter of the section, as an entirety, for $3000, Shepard being present and signing his name as a witness to the deed. This last deed was recorded in Cook county, May 21, 1839. For anything that appears to the contrary, this disposition of the quarter section by the respective co-tenants was acquiesced in from the date of the deeds down to the commencement of this action. The defendant occupies and holds the west half of the south-east quarter of said section 27 under the title from Reid, as there is evidence tending to show. Under such occupation, the west half of said quarter was fenced in 1868. The evidence as to Shepard contracting to sell the west half, as the attorney of Markoe, we find in Markoe's statement of such fact, contained in a bill in chancery of his, which the plaintiff introduced in evidence.

The deed from Markoe was shown by an abstract of title, which was introduced in evidence, and parol evidence was given of the deed from Shepard, and objection was taken to these modes of proof.

We are of opinion that there was a sufficient foundation laid to warrant the introduction in evidence of the abstract, and of the parol evidence, although appellant makes the point that there was not.

The plaintiff seeks to recover the undivided one-half of the land which Reid bought of Markoe, claiming that there was no partition of the land between himself and Markoe, so as to pass the legal title.

The conclusion, from the facts, must be, that there was at least a parol partition of the quarter section between Shepard and Markoe, the former taking the east half and the latter the west half.

It is the well settled doctrine, at least of some courts, that a parol partition of land between tenants in common, carried into effect by possession taken by each party of his respective share according to the partition, will be valid and binding on

the parties, as their titles are distinct, there being but an unity of possession, and the object of the division being to ascertain the separate possession of each. *Jackson* v. *Hardee,* 4 Johns. 202; *Wood* v. *Fleet,* 36 N. Y. 499; and to the like effect, *Eaton* v. *Tallmadge,* 24 Wis. 217, and see *Tomlin* v. *Hilyard,* 43 Ill. 300; *Vasey* v. *Board of Trustees, etc.,* 59 id. 188.

In 1 Washb. Real Prop. 430, it is laid down that no parol partition can be effectual unless accompanied by deeds from one co-tenant to the other, inasmuch as the Statute of Frauds applies to such cases, citing, in support, *Porter* v. *Hill,* 9 Mass. 34, *Porter* v. *Perkins,* 5 id. 232, *Snively* v. *Luce,* 1 Watts, 69, *Gratz* v. *Gratz,* 4 Rawle, 411, *Gardiner M'g·Co.* v. *Heald,* 5 Me. 384, *Dow* v. *Jewell,* 18 N. H. 354. The author says further, however, immediately following: "But although a parol partition between tenants in common may not, for the reasons stated, affect the legal title of the several owners, where it is followed by a possession in conformity with such partition, it will so far bind the possession as to give to each co-tenant the rights and incidents of an exclusive possession of his purparty;" and it is further said, exclusive possession by one tenant in common of a particular part of the estate, accompanied by a denial of his co-tenant's right of possession in the part thus occupied, may grow into a legal presumption of partition having been made.

There is here exclusive possession of this west half under title derived from the co-tenant Markoe, as the evidence tends to show. His warranty deed of the entire west half amounted to a denial of his co-tenant's (Shepard's) right of possession therein, which is strengthened by the evidence tending to show Shepard's co-operation therein ; and Shepard's warranty deed of the whole east half was a virtual assertion that his right of possession was confined to that half, and that he had none in the west half.

The evidence stated, affords ground of inference that the

defendant's possession was a lawful one, under the assent of the plaintiff, given for a full consideration.

We are of opinion that the jury were warranted in finding, from the evidence, that the defendant was not guilty of unlawfully withholding the possession of the premises from the plaintiff.

The judgment will be affirmed.

*Judgment affirmed.*