### EVAN JONES, Respondent, *v.* JOHN JONES, Appellant.

Upon appeal from a judgment of Special Term, dismissing plaintiff's complaint, the General Term reversed the judgment, directed that an " interlocutory judgment be entered υ ρon the facts found by the court ; that a referee be appointed to take and state the accounts of the respective parties, and that, upon the filing and confirmation of his report, a further and final judgment should be entered by the Special Term for the final disposition of the entire controversy between the parties." Plaintiff appealed to this court from the order, and the order of Special Term entered in pursuance thereof; he gave no stipulation for judgment absolute in case of affirmance.  *Held,* that the order of General Term was not a "final judgment" within the first subdivision of section 160 of the Code of Civil Procedure ; nor was it an order which in effect determined the action and prevented a final judgment, or an order made upon or deciding an interlocutory application, or an order deciding a question of practice within the second subdivision of said section ; that as there was no stipulation it was unnecessary to determine whether the order could be regarded as an order granting a new trial. Appeal therefore dismissed.

(Argued April 6, 1880 ; decided April 13, 1880.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department. (Reported below, 18 Hun, 438.)

The nature of the order appealed from, and the facts, are set forth in the opinion.

*Jacob F. Miller* for appellant. The order was appealable. (Code of Civ. Pro., § 190.) The General Term, on reversing the judgment of the Special Term, should have ordered a new trial. (*Dutch Reformed Church* v. *Wood*, 8 Barb. 421; *Foot* v. *Ætna Life Ins. Co.*, 61 N. Y. 571; *Edmonds* v. *McLoud*, 16 id. 543; *Griffin* v. *Marquardt*, 17 id. 28; *Wolstenholme* v. *Wolstenholme*, 64 id. 272; *Ehrichs* v. *DeMill*, 73 id. 374; *Robinson* v. *Wiley*, 15 id. 493; *Beach* v. *Cook*, 28 id. 544; *Astor* v. *De L'Amoreux*, 8 id. 107.) As the General Term left the case, the validity of the so-called contract between the parties could not be tested. (*Parkhurst* v. *Van Cortlandt*, 1 Johns. Ch. 273; 2 R. S. 134; [2d ed.] 139; *Watts* v. *Rodgers*, 2 Abb. 261; *Buckmaster* v. *Thompson*, 36 N. Y. 558; *Tallman* v. *Franklin*, 14 id. 592.) The findings of fact at the General Term are conclusive upon this court, and they clearly negative the propriety of the accounting and the interlocutory judgment directed by the order appealed from. (*Stilwell* v. *Mutual Life Ins. Co.*, 72 N. Y. 388.) The General Term had no power to order an accounting. (*Mills* v. *Van Voorhis*, 20 N. Y. 412; *S. C.*, 10 Abb.; *Sutton* v. *Ray*, 72 N. Y. 484; *Palmer* v. *Foley*, 71 id. 106; *Welsh* v. *Darragh*, 52 id. 590.) The court below had no right to order a reference. (Code of Civ. Pro., § 1013; *Barnes* v. *West*, 16 Hun, 68; *Long* v. *Connor*, 48 How. Pr. 95; *Sharp* v. *Mayor*, 31 Barb. 578; *Welsh* v. *Darragh*, 32 N. Y. 590.)

*John A. Bryan* for respondent. The order was not appealable. (Code of Civ. Pro., § 190.) The judgment in this case was not final. (*Tompkins* v. *Hyatt*, 19 N. Y. 534; *Swarthout* v. *Curtis*, 4 id. 415; *Catlin* v. *Grissler*, 57 id. 363.)

ANDREWS, J.   The order in this case is not appealable.  The action was an equitable one.  The General Term, upon appeal from the judgment of the Special Term which dismissed the plaintiff's complaint, reversed the judgment, and made an order that an "interlocutory judgment" be entered upon the facts found by the court, and that a referee be appointed to take and state the accounts of the respective parties, and that upon the filing, and confirmation of his report, a further and final judgment should be entered by the Special Term, for the "final disposition of the entire controversy between the parties."   In pursuance of this order the Special Term entered an interlocutory judgment, and appointed a referee to take the accounting. The defendant appeals to this court from the order of the General Term, and the interlocutory order or judgment made or entered in pursuance thereof by the Special Term.   The determination of the General Term was not a final judgment within the first subdivision of section 190 of the Code of Civil Procedure.  (*Swarthout* v. *Curtis*, 4 N. Y. 415; *Tompkins* v. *Hyatt*, 19 id. 534.)

It is not claimed that the appeal can be sustained as an appeal from an order granting a new trial under the second subdivision of that section.   The appellant has given no stipulation for judgment absolute, in case of the affirmance of the order, and it is unnecessary to determine whether the order could be regarded as an order granting a new trial within that subdivision.   It is claimed that the order is appealable under the second subdivision ; first, because in effect it determines the action, and prevents a final judgment ; or second, decides an interlocutory application ; or third, a question of practice.   Neither of these grounds is tenable.   The order does not, in effect, determine the action, and prevent a final judgment.   It expressly reserves final judgment therein, until after the filing and confirmation of the referee's report.   The order was not made upon, nor does it decide an interlocutory application.   It was made upon appeal from a final judgment, and not on any interlocutory proceeding, or application in the cause, and finally it does not decide any question of practice.   It directs an inter-

locutory judgment to be entered, and a reference, as incident to the disposition of the appeal upon the merits.

The questions which the appellant raises on this appeal can be reviewed on appeal from the final judgment which may be rendered in the action.

The appeal should be dismissed.

All concur.

Appeal dismissed.