(118 App. Div. 148)

JONES et al. v. JONES et al.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

1. APPEAL—LAW OF THE CASE.

The decision of the General Term on appeal from a judgment of the Special Term dismissing the complaint, which determines what judgment should have been entered by the Special Term on the facts found, and which remands the case to the Special Term for the entry of the proper interlocutory judgment directing an accounting, is the law of the case on a subsequent appeal from a judgment entered on the report of a referee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4358–4368.]

2. SAME—REVERSAL—ORDERING FURTHER PROCEEDINGS.

The General Term has power on appeal from a judgment of dismissal of an action for a partnership accounting to adjudge that on the facts found the dismissal was erroneous, and that the lower court should have directed an interlocutory judgment for an accounting with a final statement of the accounts between the parties, and to remand the case to the Special Term, with a direction for the entry of such interlocutory judgment.

3. SPECIFIC PERFORMANCE—PAROL PARTITION—PART PERFORMANCE.

A partition agreement, partly in writing and partly by parol, but executed by the parties taking possession of the property awarded to each, is enforceable, and equity will require the parties to execute the necessary conveyances to vest each party with the title to the property awarded to him.

Appeal from Judgment on Report of Referee.

Action by Evan Jones, prosecuted after his death by Mary A. Jones, individually and as administratrix, and others, against John Jones, defended after his death by Adelaide Jones and others. From a final judgment entered on report of a referee in favor of plaintiffs and certain of the defendants, defendants Adelaide Jones and others appeal. Affirmed.

See 90 N. Y. Supp. 1002.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, HOUGHTON, and LAMBERT, JJ.

Richard T. Greene, for appellants.
Edward M. Shepard, for respondents.

INGRAHAM, J. This action was commenced in 1875. The original parties were Evan Jones (plaintiff) and John Jones (defendant).

The parties to the action had been partners, and as such had owned certain real property which had been purchased with the money of the copartnership, some of which had been used in the copartnership business. An answer was interposed by the defendant John Jones, and the case came on for trial before Judge Van Vorst in February, 1877. It appeared from the evidence that the father of the original parties to this action established a business and that both of his sons, the parties to the action, worked with him in conducting it; that after the death of the father the plaintiff and the defendant continued the business, the earnings being paid to the mother of the parties to the action, to whom letters of administration of the father's estate had been issued, she paying bills and the expenses of the household; that some time after this arrangement the plaintiff went to California, leaving the defendant to carry on the business during his absence; that upon the plaintiff's return from California in 1850 he resumed his work with defendants, and they carried on this business together down to 1870; that during that time some of the money realized for this business was used in the purchase of certain real estate, a part of which was used for the business, and a part of it was rented. Some time before this copartnership was dissolved it appeared that the parties had quarreled or, at any rate, their relations were strained, so that they had not spoken directly to each other. There seems, however, to have been a friend in whom they both had confidence, named McCaddin, and the brothers were in the habit of communicating with each other through him. After the partnership had terminated, the defendant claimed that the plaintiff had collected rents of this real property to which the defendant was entitled, and both parties desired to settle up their accounts and to divide the real property that had been acquired by the money of the copartnership. It appeared that while the plaintiff was in California there had been purchased two pieces of property which were known as the "Unionport property" and the "Morrisania property." The plaintiff claimed that this property was copartnership property, having been purchased with money in the hands of the mother of the parties, who was administratrix of the father and who seems to have joined with her sons in carrying on this business, and for that reason the plaintiff was entitled to have these two pieces of property treated as copartnership property; the defendant, however, claiming that this property had been purchased by himself with his own money and that it belonged to him. However, both parties applied to McCaddin to assist them in settling up and dividing this copartnership property, and an agreement was finally arrived at, which was reduced to writing, and signed by both of the parties to the action. This instrument is dated May 26, 1875, and is as follows:

"This agreement made this 26th day of May, 1875, between John Jones and Evan Jones, both being owners of property, equal one-half, do hereby agree to divide the same by appointing Henry McCaddin, Jr., to receive our bids on said property, the party bidding the highest to have said property or part of it, the gross bids to be divided equal, if any difference over each other's half the other to take a mortgage for the same, the expense of the conveyancing each to bear half, each party to be entitled to possession on the first of June, and to assume the tenants in possession and their leases and agreements and the mortgages on the property."

As a part of this settlement, it was agreed that the Unionport property and the Morrisania property should be considered as copartnership property, the plaintiff to pay one-half of the cost of carrying the property. Under this agreement both parties submitted to McCaddin bids for the several pieces of property; the plaintiff making the largest bids for No. 6 Centre street and the Morrisania and Unionport properties, and the defendant making the largest bids for the property on the corner of Pearl and Centre streets, 510 Pearl Street and 56 Centre Street. McCaddin, therefore, awarded the property to the one making the largest bids for it, and the evidence is conclusive that each of the parties entered into exclusive possession of the properties awarded to him, and such possession has continued until the final judgment. The parties then presented their accounts to each other about which they seem to have disagreed. The defendant included in his statement a claim for taxes, assessments, and repairs, and other charges and expenses connected with the Morrisania and Unionport properties over and above the rents collected therefrom, which the plaintiff refused to allow, and the plaintiff presented a bill to the defendant for two sums aggregating $81, one a bill for flagging, and the other for law expenses, which the defendant refused to allow. The parties, therefore, being unable to agree upon a settlement of these amounts, the defendant refused to convey any of the property to the plaintiff, although the plaintiff tendered deeds to carry out the partition agreement conveying his undivided interest in the property awarded to the defendant. This action was then brought to enforce this partition agreement, and for an accounting, which was tried before Judge Van Vorst. His decision found the foregoing facts, and that the plaintiff did not comply with his agreement to adjust the accounts between him and the defendant and to repay to the defendant one-half of the cost of carrying the Morrisania and Unionport property, and did not pay to the defendant the one-half of the rents which he (plaintiff) had collected, which were a condition precedent to the attachment of any obligation under this instrument, and therefore the defendant was justified in refusing to make the division of the property contemplated by the parties, and dismissed the complaint. Upon an appeal to the General Term this judgment dismissing the complaint was reversed, and the court, adopting the findings of fact by the trial court, directed that an interlocutory judgment for an accounting before a referee to be appointed by the interlocutory judgment should be entered, and that upon the filing and confirmation of the referee's report a further and final judgment should be entered by the Special Term for the final disposition of the entire controversy between the parties to the action, and the case was sent back to the Special Term for the entry of such interlocutory judgment. In pursuance of this direction, an interlocutory judgment was entered at the Special Term by the judge before whom the case was tried, which recited the trial, the judgment of the Special Term dismissing the complaint, the appeal to the General Term, and the direction of the General Term thereon; and it was ordered and adjudged that the facts so found, as they appeared in the written findings of fact, dated November 13, 1877, signed by Mr. Justice Van Vorst, be deemed a part of the interlocutory judgment,

with the like effect as if incorporated herein fully and at large. It was further ordered that the referee should take and settle the accounts of the parties; that the parties should appear before the referee and submit to the referee for decision their disputed accounts, severally and respectively; that the said referee make and file his report therein with all convenient speed; and that the final and further judgment of the Special Term for the final disposition of the entire controversy between the parties be reserved until the filing and confirmation of the said report. The defendant appealed to the Court of Appeals from this order of the General Term, but that appeal was dismissed, whereupon the parties proceeded before the referee, such reference commencing on May 13, 1880, and it seems to have proceeded with much deliberation until June 24, 1882, when the further reference was adjourned until July 7, 1882, at which time there was no further adjournment and the proceeding seems to have been dropped by both parties. It would appear that other actions were commenced between the parties, and that pending the determination of these other actions no further proceedings were had before the referee. In 1883 the defendant John Jones died, and in 1888 the plaintiff died. Subsequently the action was revived, and finally, on the 19th day of December, 1902, the trial was continued before the referee who, of all the parties and attorneys to the original action, is the sole survivor; and, finally, on March 13, 1905, the referee made his report and upon that report final judgment was entered, and it is from that judgment that these defendants appeal.

In disposing of this appeal I think we are bound to enforce the judgment of the General Term, and that the questions there decided are not to be reviewed by this court upon this appeal. The questions presented on the appeal from the judgment of the Special Term dismissing the complaint were before the General Term for review, and their decision is the law of the case. An examination of the opinion of Mr. Justice Daniels at the General Term clearly shows what the court there intended to decide, and I think upon this appeal we should give effect to the rule established by the General Term, and final judgment should be entered in conformity with this decision. I do not wish to be understood as expressing any doubt about the correctness of the decision of the General Term, as I concur fully in the opinion of Judge Daniels in the disposition of the appeal. That learned judge, in stating the conclusion of the court, said:

"Upon the facts so established and found by the judge, the action should have been retained until a proper accounting could have been secured, and this portion of the dispute determined between the parties, and upon that determination a direction could then be made for the payment of the balance found due on the accounts, and the consummation of the written agreement by the execution and delivery of the proper deeds for the conveyance of the real estate."

The court, therefore, having determined the proper judgment that should have been entered by the Special Term, upon the facts found by the Special Term, sent the case back to the Special Term for the proper interlocutory judgment to be there entered, and in pursuance of such direction the interlocutory judgment was entered and the account-

ing had, and under this direction of the General Term, the condition of the accounts between the parties being ascertained, judgment was to be entered directing the payment of the amount found due and for the execution of the conveyances to carry the partition agreement into effect. Counsel for the appellants contends that this direction of the General Term was unauthorized, and that the court had no power to direct an interlocutory judgment under the decision of the Court of Appeals in Van Beuren v. Wotherspoon, 164 N. Y. 368, 57 N. E. 633; but it seems to me that counsel entirely misapprehends that case. In this case the General Term did not attempt to retry the action, or to interfere with the findings of fact by the Special Term. The only disagreement between the two courts was as to the judgment to which the parties were entitled upon the facts found, and the General Term held that upon the facts found the dismissal of the complaint was error, but that the court should have directed an interlocutory judgment for an accounting with a final statement of the accounts between the parties; and the case was sent back to the Special Term with a direction that such interlocutory judgment be entered.

In the Van Beuren Case, supra, the Appellate Division reversed a judgment upon questions of law only, and directed a reference to take proof of certain facts upon which a final judgment in favor of the appellant here was ordered. The court held that, while the Appellate Division was authorized to reverse upon the facts, it did not exercise that jurisdiction, that it was not authorized to reverse upon the law in that case, as there was evidence to sustain the findings of fact, and upon those findings of fact the defendant was entitled to judgment. In this case the General Term reversed upon the law, and simply directed the Special Term to make an interlocutory judgment in accordance with this decision based upon the facts found by the trial judge, which was an affirmance of the facts, but a reversal upon the law, a decision which we should not on this appeal review.

The accounting between the parties having been taken before the referee, the only substantial question presented upon this appeal is whether any error was committed upon that accounting, and whether, upon the state of the accounts having been ascertained, the final judgment that was entered was in accordance with the interlocutory judgment, and the determination by the General Term as to the rights of the parties. I think the report of the referee was sustained by the evidence, and that the court below was justified in confirming it. In consequence of the long period that elapsed since the action was commenced and the death of both parties to the action, it was difficult to ascertain exactly the account between the parties at the termination of the partnership; but both the original plaintiff and defendant were examined before the referee, and, so far as is disclosed by the evidence, the referee correctly determined the questions presented to him, and the final judgment, therefore, correctly required the representatives of the defendant to pay to the representatives of the plaintiff the amount found due upon that accounting.

I think there can be no serious question but that the parties to this action were entitled to have this partition agreement carried out. There seems to be no dispute but what the parties acted under the partition

agreement, and each of the parties acquiesced in the award made by McCaddin after the bids had been submitted and took actual possession of the property awarded to him, which possession has been maintained to the present time. It was thus a partition agreement partly in writing and partly by parol, actually executed, that a court of equity would enforce by requiring the parties to execute the necessary conveyances to vest each party with the title to the property which had been awarded to him. Wood v. Fleet, 36 N. Y. 499, 93 Am. Dec. 528; Taylor v. Millard, 118 N. Y. 244, 23 N. E. 376, 6 L. R. A. 667.

I think that this final judgment does substantial justice, that it is in accordance with settled principles, and that this litigation, extending as it has over 30 years, should now be finally disposed of, and the judgment should therefore be affirmed, with costs.

All concur.