McLAUGHLIN v. McLAUGHLIN REAL ESTATE CO. et al.

(Supreme Court, Appellate Division, Second Department.   May 29, 1914.)

COURTS (§ 17*)—JURISDICTION—NONRESIDENTS.

An action to declare fraudulent an assignment to nonresidents of a bond and mortgage owned by a domestic corporation, and to impress a trust on the mortgage and compel an accounting of its proceeds, is in personam, and the court cannot acquire jurisdiction by substituted service of summons by publication or without the state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 46–50, 52; Dec. Dig. § 17.*]

Appeal from Special Term, Queens County.

Action by Leonora McLaughlin against the McLaughlin Real Estate Company and others.   From an order denying a motion to vacate an order directing substituted service of the summons on defendants by publication or without the state, they appeal.   Reversed, and motion to vacate order for substituted service granted.

See, also, 148 N. Y. Supp. ——.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Charles J. McDermott, of New York City, for appellants.
Samuel Evans Maires, of Brooklyn, for respondent.

CARR, J.   This is an appeal from an order made at Special Term, denying a motion of certain of the defendants named in the summons to vacate and set aside an order directing substituted service of the summons upon them by publication or without the state.   The order for substituted service was made upon proof that these particular defendants resided in the state of Pennsylvania.   They appeared specially, solely for the purpose of attacking the attempted substituted service.   Relief is sought against the defendants appellants—as to one, to compel him to account as a director of a domestic corporation for his conduct in disposing of an asset of the corporation in fraud of its creditors; as to the others, to declare fraudulent an assignment to them of a bond and mortgage owned by the corporation, or to impress a trust upon it and to compel the holder thereof to account for its proceeds.   This sought-for relief, as against all or either, is apparently in personam.   In denying the motion, the court at Special Term handed down an opinion.   This opinion, after discussing the nature of the cause of action involved, states in part as follows:

"It is true that the situs of the mortgage is without the state.   But this does not seem to me to determine the question.   The mortgage, although not a legal interest in land, nevertheless is a lien upon land.   That land is situated within the state of New York and is subject to the jurisdiction of our courts.   The land cannot be sold and applied to the payment of the mortgage without the exercise of the jurisdiction of our courts.   The defendant Keister cannot enforce his lien without recourse to our courts.   As this court has absolute power over the land, it has power over every lien upon it.   Land has no value except the right of occupancy, and this is completely within the power of this court.   The mortgage is only of value because it affords a means of

·granting occupancy through decrees of the courts of the state. Without the aid of courts of this state the mortgage lien has no practical value. The real res—the lien of the mortgage, that which gives it value—is within the power, and consequently the jurisdiction, of this court."

There was not cited before the court at Special Term, as there is not cited to us on this appeal, the decision of this court in Williams v. Fischlein, 144 App. Div. 244, 129 N. Y. Supp. 129; Burr, J., writing. The opinion just referred to considers the question which was before the Special Term, but in another phase. It is necessarily inconsistent with the decision made in this case at Special Term. Apart from this particular authority, there is an erroneous assumption in the reasoning of the Special Term, which no doubt diverted it to the result at which it arrived. It was declared that the mortgage as a lien could not be enforced within the state of New York, unless by invoking the jurisdiction of the courts of this state. Of course, this is not so, for a nonresident, who holds a mortgage upon lands situated within this state, may by reason of diversity of citizenship maintain a foreclosure action in the courts of the United States. Desirable as it may be to uphold this order, that the plaintiff may have a chance to obtain full relief in one action, we cannot so do as against defendants over whom the court may not acquire jurisdiction save by their voluntary appearance.

The order should be reversed, with $10 costs and disbursements, and motion to vacate the order for substituted service of the summons should be granted, with $10 costs. All concur.