THEODORE I. GARFEIN, Respondent, v. MICHAEL A. McINNIS, Appellant, Impleaded with NORA T. McINNIS, Defendant.*

Second Department, February 15, 1928.

Process — summons — action against non-resident to specifically enforce land contract — summons and complaint properly served without State without order under Civil Practice Act, § 235 — contract may be enforced against non-resident — sheriff, under Civil Practice Act, § 979, may be directed to convey property — motion to vacate and set aside service properly denied.

This action is to compel the appellant, a non-resident, to specifically perform a contract for the sale of real property situated in this State. The summons and complaint were properly served without the State without an order under section

---

* Affd., 248 N. Y. 261.

235 of the Civil Practice Act and the motion to vacate and set aside the service was properly denied.

The sheriff may be directed to convey the property, under the provisions of section 979 of the Civil Practice Act, where the person originally directed to convey remains without the State after having been served pursuant to statute without the State.

APPEAL by the defendant, Michael A. McInnis, from an order of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 22d day of November, 1927.

*Thomas F. Hennessy,* for the appellant, appearing specially.

*Aaron Simmons,* for the respondent.

SEEGER, J.  The appellant appears specially for the motion to set aside the service of the summons and complaint.  The action is for the specific performance of an alleged agreement on the part of the appellant to sell real property situated within the State of New York.  The appellant was served with a summons and complaint in the State of Connecticut; and it is the contention of the appellant that the service is void, that the alleged written agreement was merely a receipt for money received, and that no lien was created, either expressly in writing or implied, since such money was returned to the plaintiff.  The moving papers furnish very little information as to the facts.  No copy of the alleged agreement is annexed.

The appellant's first point is that an action for the specific performance of a contract is an action in equity, and in the absence of a statute giving jurisdiction *in rem,* equity acts *in personam* merely; citing *Hart* v. *Sansom* (110 U. S. 151); *Spurr* v. *Scoville* (57 Mass. [3 Cush.] 578); 21 C. J. § 130, p. 149; *Snell* v. *Hill* (263 Ill. 211; 105 N. E. 16); *Fowler* v. *Fowler* (204 Ill. 82; 68 N. E. 414); *McLaughlin* v. *McLaughlin Real Estate Co., No. 2* (162 App. Div. 644); *Williams* v. *Fischlein* (144 id. 244); *Silver Camp Mining Co.* v. *Dickert* (31 Mont. 488; 78 Pac. 967).

It will be noted that the cases cited are all in foreign jurisdictions except *McLaughlin* v. *McLaughlin Real Estate Co., No. 2* (*supra*) and *Williams* v. *Fischlein* (*supra*), neither of which was an action for specific performance nor was the question of any interest in real estate situate within the State involved.

The appellant further contends that " There is no statute in New York allowing service by publication or personal service outside of the State on a non-resident vendor or vendee in an action for the specific performance of a contract to convey real property."

The provisions of the Civil Practice Act permitting service by publication in actions affecting real estate situate in the State are as follows: " Where the complaint demands judgment that the

defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the State; or that such an interest or lien in favor of either party be enforced, regulated, defined or limited; or otherwise affecting the title to such property * * *." (Civ. Prac. Act, § 232, subd. 6, as amd. by Laws of 1921, chap. 199.)

And section 235 of the Civil Practice Act (as amd. by Laws of 1927, chap. 420) provides as follows: " Where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the State or that such an interest or lien in favor of either party be enforced, regulated, defined or limited, or otherwise affecting the title to such property, * * * the summons may be served without an order, upon a defendant without the State in the same manner as if such service were made within the State, except that a copy of the complaint must be annexed to and served with the summons, and that such service must be made by a person or officer authorized under section two hundred and thirty-three of this act to make service without the State in lieu of publication."

It seems quite clear that service without the State may be made in an action affecting the title to real property in the State, either with or without an order of publication, for service may be made either by means of section 232, subdivision 6, of the Civil Practice Act, by publication, or by the means provided under section 235, by serving without the State without an order of the court.

The complaint and the contract have not been printed, and we are not able to determine whether the contract in question is a valid one. However, for the purpose of this motion and under the circumstances, that may be assumed, as the order appealed from recites " that the action herein was brought to compel the specific performance of an agreement to convey real property."

It was held in *Matter of City of New York (Edgewater Road)* (138 App. Div. 203, 207; affd., 199 N. Y. 560) as follows: " It is thoroughly well settled and will not be disputed that in the case of a contract for the purchase and sale of real property the vendee becomes the equitable owner of the property, the vendor continuing to hold the legal title merely as security for the payment of the purchase money, and hence in the case of the death of such a vendee before actual delivery of the deed the interest of the vendee is treated as real estate and descends to his heirs or is devisable as real estate. In such a case the interest of the parties in the property is changed by the contract of sale."

It, therefore, appears that the respondent, the vendee, is the equitable owner of the property in question, and the action is

brought to terminate the legal title which the appellant, the vendor, holds merely as security for the payment of the purchase money.

I am not able to find any decision in this State on the particular question involved here as to whether, in an action for specific performance of a contract for the sale of real estate, the action is *in rem* to such an extent as to permit service of summons out of the State, and as to whether a decree of specific performance can be enforced against a vendor who is out of the State, but it has been so held in other jurisdictions.

Cyc. (Vol. 36, p. 772, subd. B-2) states as follows: " A suit for specific performance by a vendee of land within the jurisdiction against a vendor out of the jurisdiction is, by the weight of authority, sufficiently a proceeding *in rem* to validate a decree founded on service of process by publication, and the passing of title by the decree or by an officer appointed by the court." (Citing *Felch* v. *Hooper,* 119 Mass. 52.)

The question is an important one. If a vendor could escape liability to carry out a valid contract for the sale of real estate by leaving the State, the vendee would be at the mercy of an irresponsible vendor. The law of the State of New York is not so ineffective. The decree of specific performance can be enforced.

Section 979 of the Civil Practice Act authorizes the sheriff to convey real property in conformity with the direction of the court. It reads as follows: " *Disposition of property by sheriff on order of court.* Where the court has directed a deposit or delivery, as prescribed in the last section, *or where a judgment directs a party* to make a deposit or delivery, or *to convey real property,* if the direction is disobeyed, *the court, by order,* besides punishing the disobedience as a contempt, *may require the sheriff* to take, and deposit or deliver, the money or other personal property, or *to convey the real property,* in conformity with the direction of the court."

This section was formerly in the old Code, with respect to receivers, at which time it did not contain any language referring to the conveyance of land and only applied to personal property. The provision concerning "personal property " was first inserted in the Code of Procedure in 1851 (Chap. 479). The provision for conveying real property seems to have been inserted in 1852 (Chap. 392) into the Code of Procedure, and remained in such section as thus enacted until it was incorporated into section 718 of the Code of Civil Procedure, from which statute section 979 of the Civil Practice Act was taken without material change. The specific phraseology using the words "real property " was first used in section 718 of the Code of Civil Procedure. (Code Civ. Proc.

§ 718; Laws of 1876, chap. 448, § 718; Code Proc. § 244, as amd. by Laws of 1851, chap. 479, and Laws of 1852, chap. 392.) There have been no decisions construing it. It meets the very situation involved herein, of enabling the court to effectuate its judgment directing specific performance, by having the sheriff convey the property where the person who was originally directed to convey remained without the State after having been served pursuant to statute without the State. The section should be given effect.

Section 985 of the Civil Practice Act is consistent with and supplements section 979, and enables the putting into possession of one becoming entitled to the property. It is to be noted that section 985 is set out in article 62, headed " Real Property Actions; General Provisions."

The case of *U. S. Trust Co.* v. *U. S. Fire Insurance Co.* (*Matter of Empire City Bank*) (18 N. Y. 199, 212, 214) is not precisely in point, but it concerned a statute which authorized the entry of judgment against stockholders of banks after their degree of interest in the bank had been ascertained, and was founded upon a statute broad enough to permit this being done with regard to stockholders who were non-residents and over whom jurisdiction was possible of obtainment in that case by publication. The statute and the procedure thereunder were consistent in that case with what has been done herein.

The order should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., YOUNG, KAPPER and CARSWELL, JJ., concur.

Order denying motion to vacate and set aside service of summons and complaint affirmed, with ten dollars costs and disbursements.