OPINION OF THE COURT
Kenneth R. Fisher, J.
Defendant, Sodus Marina, LLC, moves pursuant to CPLR 3212 for an order granting partial summary judgment dismissing the first cause of action, in which plaintiff seeks specific performance of a purported agreement to convey two boat docks at the New Horizons Marina in Sodus Bay, New York.
This action arises from work plaintiff was contracted to perform on a townhouse and marina project adjacent to Sodus Bay pursuant to a “Standard Form of Agreement Between Owner and Contractor for a Small Project.” To fund the project, Sagecrest II, LLC loaned six million dollars to Sodus Bay Development, LLC and New Horizons Yacht Harbor, Inc. Both New Horizons and Sodus Bay Development are owned by Neil Baisch. The marina is comprised of approximately 200 docks extending into the water of Sodus Bay.
Plaintiff was hired to construct certain roads and install site utilities (sanitary sewers, storm sewers, and water service). The agreement called for substantial completion by May 1, 2005. As an addendum to the services agreement for the marina project, New Horizons and plaintiff entered into an addendum site contract on January 10, 2005, wherein plaintiff agreed to accept, and New Horizons agreed to convey to plaintiff, title to two boat docks at the marina in exchange for partial payment ($50,000) of the amounts owed to plaintiff by New Horizons and Sodus Bay Development. Unlike many marinas, the land located under the water on which the docks sit is actually part of the deeded real property comprising the marina, dating back to the site of a former railroad structure. No party on this motion questions the legality or manner of conveyance of property under water. (Compare State ex rel. New York State Dept. of Envtl. Conservation v Federal Energy Regulatory Commn., 954 F2d 56 [2d Cir 1992], with Douglaston Manor v Bahrakis, 89 NY2d 472 [1997]; see Bertram C. Frey and Andrew Mutz, The Public Trust in Surface Waterways and Submerged Lands of the Great Lakes States, 40 U Mich JL Reform 907, 936-938 [2007] [New York’s view of the public trust doctrine].)
*524 The addendum states, in relevant part:
“Bass will perform such work in that agreement for the sum of $283,000.00 as agreed to which a scope of material and labor is attached. The contract was reduced from its original amount of $333,000.00. The reduction was for a credit that will pay in full for two separate dock condominium units with all fee simple deeds along with all easements, rights of way, ingress and egress for navigating to and from and all utilities to and amenities for the docks of choice by Bass or a nominee that Bass chooses. The docks will be completed and Bass or nominee will have the choice of any Two that it so elects to purchase. The sum of $50,000.00 Fifty Thousand US dollars will be the credit purchase price that Bass has reduced from the original site work agreement. Should these docks not be conveyed and bass has completed all site work in accordance to plans and specs with modifications agreed by owner by or before April 15th 2005 then Bass can demand payment in full for the credit amount of $50,000.00 US dollars. Should payment not be made upon such demand the interest will accrue starting from April 15 2005 at the rate of Ten percent per annum.” (Affidavit of J. Gregoire, dated Mar. 17, 2008, exhibit G [emphasis added].)
Ultimately, Sodus Bay Development, New Horizons, and Baisch defaulted on the six million dollars borrowed from Sagecrest for the benefit of the project. Rather than foreclose on its mortgage, Sagecrest agreed to accept, and Sodus Bay Development and New Horizons agreed to convey, title to the project to Sagecrest. Title to the marina was thus conveyed to Sodus Marina, LLC (a wholly owned subsidiary of Sagecrest) in October 2006, and at the same time title to the townhouse project was conveyed to Sodus Holdings, LLC (also a wholly owned subsidiary of Sagecrest).
Plaintiff alleges that the January 10, 2005 agreement excluded respreading topsoil and fine grading. Consequently, a second “Standard Form of Agreement Between Owner and Contractor for a Small Project” dated May 19, 2005 was entered into. The second agreement provided for plaintiff to pave the roadways and parking lots, plus fine grade, rock-hound, and hydroseed the project on a time and materials basis. Plaintiff contends that this second agreement caused it to continue to *525 perform work at the site past the date of substantial completion for the first agreement.
After the site work was completed, plaintiff, through the affidavit of Patrick Basset, president and owner, states plaintiff contacted Baisch to choose its two docks, as set forth in the addendum. Baisch instructed Basset to see the dockmaster, Esther Gonzalez, to inform her of plaintiffs selection. Basset states he met with Ms. Gonzalez and selected docks 163 and 165. Basset alleges that Ms. Gonzalez wrote Basset’s name on the master dock list and that Basset’s name was then posted and displayed on that list in the office at the marina for the next several months. Basset asserts that he was told the docks would be deeded to him after the New York State Attorney General’s office approved the offering plan for the condominiums.
Plaintiff commenced this action in April 2006, seeking in part on the first cause of action specific performance of “the Agreement,” presumably including the addendum providing for transfer of the two docks.* As Baisch’s entities no longer have an interest in the real property at issue, Sodus Marina moved to intervene as a defendant, and that motion was granted on September 7, 2007.
It is well settled that “[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986] [citations omitted]; see also Potter v Zimber, 309 AD2d 1276 [4th Dept 2003].) “Once this showing has been made, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution.” (Giuffrida v Citibank Corp., 100 NY2d 72, 81 [2003], citing Alvarez, 68 NY2d at 324.) “Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers.” (Winegrad v New York Univ. Med. Ctr, 64 NY2d 851, 853 [1985] [citation *526 omitted]; see also Hull v City of N. Tonawanda, 6 AD3d 1142, 1142-1143 [4th Dept 2004].) When deciding a summary judgment motion, the evidence must be viewed in the light most favorable to the nonmoving party. (See Russo v YMCA of Greater Buffalo, 12 AD3d 1089 [4th Dept 2004].) The court’s duty is to determine whether an issue of fact exists, not to resolve it. (See Barr v County of Albany, 50 NY2d 247 [1980]; Daliendo v Johnson, 147 AD2d 312, 317 [2d Dept 1989].)
The terms of the addendum to the first agreement are not ambiguous. Having reviewed the addendum, as well as each party’s respective interpretation thereof set forth in the motions papers submitted, the court agrees with plaintiffs interpretation and rejects Sodus Marina’s interpretation.
The terms of the addendum are quoted more fully above. The terms particularly in dispute state: “Should these docks not be conveyed and Bass has completed all site work in accordance to plans and specs with modifications agreed by owner by or before April 15th 2005 then Bass can demand payment in full for the credit amount of $50,000.00 US dollars.” (Affidavit of J. Gregoire, exhibit G.) Contrary to Sodus Marina’s argument, this provision does not require plaintiff to complete construction by April 15, 2005 in order to be entitled to two docks of its choosing. Rather, as argued by plaintiff, plaintiff had to complete its work by April 15, 2005 in order to have the option of demanding payment in cash. Sodus Marina’s strained reading of this provision not only belies the clear language which provides otherwise, but also conflicts with the first agreement entered into by plaintiff which required substantial completion by May 1, 2005.
To the extent Sodus Marina seeks summary judgment on this basis, the motion is denied.
Statute of Frauds
Sodus Marina also contends that the addendum fails to satisfy the statute of frauds, thus rendering it unenforceable. John Gregoire, Sodus Marina’s manager, states that no two docks at the marina are alike and because the addendum does not include a description, the size, or location of the docks to be conveyed, the addendum lacks definiteness, rendering the addendum fatally vague and unenforceable as an agreement to convey real property.
General Obligations Law § 5-703 states that a contract for the sale of real property must be in writing, noting the express *527 consideration to be paid, and be signed by the party to be charged.
“ ‘ “[The] writing must set forth the entire contract with reasonable certainty so that the substance thereof appears from the writing alone ... If the contract is incomplete and it is necessary to resort to parol evidence to ascertain what was agreed to, the remedy of specific performance is not available.” ’ ” (Nesbitt v Penalver, 40 AD3d 596, 598 [2d Dept 2007], quoting Checkla v Stone Meadow Homes, 280 AD2d 510, 510-511 [2d Dept 2001]; see also Cooley v Lobdell, 153 NY 596, 600 [1897] [“a writing cannot be a memorandum of a contract unless it contains the substance of a complete agreement, so that the full intention of the parties can be ascertained from it alone without recourse to parol evidence”]; Cohen v Swenson, 140 AD2d 407 [2d Dept 1988] [statute of frauds not satisfied where “it is impossible to identify the subject property with the degree of certainty necessary to satisfy the Statute of Frauds”].)
The parties have briefed this issue as a question of the sufficiency or certainty of the property description in the contract, which purports to convey a small number (two) of a large group of docks upon the occurrence of stated conditions, granting to plaintiff the right of selection. Plaintiff contends that the agreement is enforceable under Johnson v Edmunds (278 App Div 470 [4th Dept 1951]). In Johnson, the Fourth Department stated:
“The memorandum itself must be complete and the subject matter sufficiently expressed therein to obviate the necessity of proof as to what the parties intended. The intention of the parties must be manifested in the memorandum by a description which is in itself definite and certain or provides the means or key by which the description may be identified with its location on the ground.” (id. at 471-472 [emphasis supplied].)
Plaintiff contends that defendant’s grant of an exclusive right to select the two docks “provides the means or key,” by which the description becomes certain. Defendant, on the other hand, relies on Duffy v Benjamin (280 App Div 993 [2d Dept 1952]), wherein it was determined that
“[a] contract whereby a vendor agrees to sell twenty *528 acres out of a total of 57.93 acres of land which he owns, without other identification of the twenty acres intended, is so indefinite in its description of the land as to be insufficient to satisfy the requirements of the Statute of Frauds.”
Neither argument is availing, however.
The statute of frauds is implicated in a manner not contemplated by the parties. Under applicable New York law, the agreement between the parties only conferred on plaintiff, because the parties achieved no conveyance by deed when the motion was brought, a status of “equitable owner” (EMF Gen. Contr. Corp. v Bisbee, 6 AD3d 45, 55 [1st Dept 2004], citing Garfein v McInnis, 223 App Div 28, 30 [1928], affd 248 NY 261 [1928]), of a tenancy in common with the grantor in the whole of the docks, i.e., the larger tract owned by the grantor. (Corbin v Jackson, 14 Wend 619 [1835]; Jackson v Livingston, 7 Wend 136 [1831].) The holder of a tenancy in common generally has an absolute right to partition. (Grossman v Baker, 182 AD2d 1119 [4th Dept 1992].) But, and this is where the statute of frauds comes into play, it is the rule that, where
“an election of lots was to be given by the grantees which they subsequently made; that though, by deed [here the contract], the grantees became [here in the eyes of equity] tenants in common, with the owner of the tract, the election, followed up by possession, operate[s] as a parol partition.” (Wood v Fleet, 36 NY 499, 503 [1867] [describing the holding of Jackson v Livingston (supra), also describing Corbin v Jackson (supra), as “distinctly (having) held that a parol partition between the grantees (here read by the grantee by his selection), followed up by actual possession, was valid and binding”] [emphasis supplied]; see Jackson v Harder, 4 Johns 202, 212 [1809, Kent, Ch. J.] [“parol division, carried into effect by possessions taken according to it, will be sufficient to sever the possessions, as between tenants in common”], quoted in Wood v Fleet, 36 NY at 502.)
On the other hand, however, where “it does not appear that separate possession was taken in pursuance of the parol partition, ... an unexecuted parol partition [is] void.” (Wood v Fleet at 505 [describing the holding of Snively v Luce (1 Watts 69 [1832])]; see generally H.A. Wood, Parol Partition and the Statute of Frauds, 133 ALR 476 [1941]; 24 NY Jur 2d, Cotenancy *529 and Partition § 121 [“Parol partition, followed by possession, is valid”]; 61 NY Jur 2d, Frauds, Statute of, § 100 [“parol partition is valid and sufficient to sever the tenancy (in common) . . . if it is followed by possession”].)
To be sure, “the right to partition ... is absolute in the absence of countervailing conditions” (Grossman v Baker, 182 AD2d 1119 [4th Dept 1992], citing Wood v Fleet, supra), but in this case the complaint lacks an allegation that, in connection with the oral partition, i.e., by selection of the docks, that plaintiff ever entered into possession, nor is there any proof of the same. The posting by the dockmaster would not serve as proof of plaintiffs actual entry and the taking up of an exclusive occupancy. Thus, defendant establishes as a matter of law “that there was never any actual change of possession of the premises in question, nor acts of exclusive ownership thereof. . . , which, in the absence of a conveyance, were necessary to carry into execution the parol agreement.” (Whiteman v Hyland, 61 Hun 624, 16 NYS 8, 9 [1891].) The case of Jones v Jones (118 App Div 148 [1st Dept 1907]), when considered together with Whiteman v Hyland, establish that a necessary element of an action for specific performance of a parol partition, i.e., “that a court of equity would enforce by requiring the parties to execute the necessary conveyances to vest each party with the title to the property which had been awarded to him,” is “actua[l] execution]” of the partition agreement (Jones v Jones, 118 App Div at 154), by plaintiffs selection of the docks and his entering into exclusive, not several, possession of them (Sanger v Merritt, 131 NY 614 [1892]; Taylor v Millard, 118 NY 244 [1890]), for however long a period of time. (Wood v Fleet, 36 NY at 504 [“misapprehension to suppose that these cases turned upon the length of time possession had been taken under the parol partition”]; cf. Goldberg v Goldberg, 173 AD2d 679, 680 [2d Dept 1991] [statute of frauds requiring that a “surrender” of the right to partition a tenancy in common be in writing or by conveyance is triggered when defendant “occupied the property” after acquiring his tenancy in common].)
The law may differ elsewhere (72 Am Jur 2d, Statute of Frauds § 247 [describing the conflict of authority nationwide on the issue]; Berry v Seawall, 65 F 742, 749-753 [6th Cir 1895] [which contains an excellent canvass of the various approaches in England and America on the issue]), but this court is bound to follow New York law.
Accordingly, summary judgment is awarded to defendant dismissing the action for specific performance of the contract to *530 the extent that the desired decree would require a conveyance of the selected docks severally. The court expresses no opinion on what equitable interest, if any, plaintiff retains in the docks in the particular circumstances, which are sharply disputed on this record. (Cf. Whiteman v Hyland, 61 Hun 624, 16 NYS 8 [1891].) Accordingly, to the extent that the first cause of action seeks specific performance in the form of a conveyance by deed in conformance with the contract by granting plaintiff ownership rights in the whole of the docks as tenants in common with the grantor or his successors, the motion for summary judgment dismissing it is denied.

 The complaint only generally refers to the specific relief sought by way of specific performance. Paragraph 16 “demands judgment ordering the defendants to specifically perform the terms of the agreement and to deed and convey to Bass the property and property rights as set forth in the Agreement, in accordance with the terms of the Agreement.” This last phrase, when considered with plaintiffs papers in response to the motion, makes clear that it is the two selected docks which are the object of the desired conveyance, not the tenancy in common with the entire dock structure that the agreement creates equitable ownership rights to (see discussion below).