OCTOBER 18, 1803.

# Thos. McClenahan *v.* Thos. Respass, &c.

*Upon a writ of error to reverse a decree of the Paris District Court.*

Where the report of commissioners appointed to ascertain the value of rents and improvements, presents no error upon its face, and no notice is given of the intention of a party to controvert it, it is error for the court to set it aside.

It is assigned for error in this cause, that the court improperly set aside the two reports of the first set of commissioners.   On the

face of the second of these reports, this court can not discover any material defect or impropriety. And, on general principles, if either of the parties thought it unjust in any other respect, the adverse party should have been served with timely written notice of their intention to controvert the supposed impropriety, to have authorized the court to consider it. This not having been done, the court certainly erred in setting aside the report. The report does not indeed expressly state that the land was estimated exclusive of any improvements which had been made thereon, though the presumption is strong that so was the fact. At any rate this uncertainty was not important; because the value of the improvements did not exceed the value of the land, in which case only, its estimated value could affect the interest of either of the parties. Neither is it stated in the report at what time the rents for two years, which it assesses, either commenced or ended. But the submission of the contest to arbitrators (which it is conceived ought to be taken as the commencement of a suit) is the only legal notice which appears to have been given to McClenahan of an adverse claim or title to the land; and therefore the date of the submission removes this uncertainty. And it need not be added, that the act of assembly concerning awards, as well as the circumstances of the case, both seem to forbid any regard to be paid to defects in form. It is also assigned as an error, that the court has ordered McClenahan to give possession of the land by the first of August, 1802, and subjected him to the payment of rents until the 25th of the December following: which appears to be true, and must be considered as an inadvertence, because it was obviously unjust. It is therefore necessary to observe, that by the lapse of time occasioned by the commission of those errors, it becomes proper that another set of commissioners should be appointed to ascertain the rents for the land and houses from the expiration of the two years which have been mentioned, and the value of any injury or destruction which may have happened since that time to the houses, meadows, fruit trees, fences, and timber thereon; also, to ascertain the value of any lasting and valuable improvements which may have been made thereon since that time, that those several items may be added to or subtracted from the balance stated in the last-mentioned report, conformably to the act of assembly concerning occupying claimants of land.

Wherefore, it is decreed and ordered, that the said decree be reversed so far as it relates to rents, profits, damages, and

improvements, and the time of making a conveyance and delivering possession of the land; and that the appellees do pay unto the appellant his costs in this behalf expended. And it is further decreed and ordered, that the suit be remanded to the circuit court for the county of Bourbon, that new proceedings therein may be had, by receiving the said second report of the first set of commissioners, and appointing another set of commissioners for the purposes specified in the foregoing opinion, and on the return of their report properly made, enter up a decree accordingly, as also for the costs expended by the said appellees in the said district and circuit courts since the said award was entered of record, except so much of their costs as were or shall be occasioned by the commission of the errors aforesaid. And moreover, make such further decrees and orders therein as law and equity may require; which is ordered to be certified to the circuit court.