## SHARP v. WILLIAMS.

### TENANTS IN COMMON.

Where parties occupy towards each other the relation of tenants in common with reference to certain land, neither party by buying up an outstanding title, can under it, appropriate the land to his exclusive use. Such purchase enures to their common benefit, and there must be an equal contribution. (Tisdale v. Tisdale, 2 Sneed, 596.)

McKINNEY, J., delivered the opinion of the Court:

The complainant and defendant were separate creditors of one Calvin Hudson. They had each recovered judgment before a Justice for their several demands, upon which executions had been issued and were levied on a tract of land, granted to Hudson and Levi Smith, jointly. At the Sheriff's sale, the complainant and defendant, jointly, bid the aggregate amount of their judgments for the land, and it was struck off to them; but no deed of conveyance was ever made by the Sheriff. It appears that prior to the levy of the executions on the land, Hudson had conveyed said land to two of his sons. Sometime after the purchase by the parties to this suit, at the execution sale, the defendant procured a deed of conveyance to himself, individually, for said lands, from the two sons of Hudson, in which the father joined. This was done to perfect the titele upon the assumption that the sale by the Sheriff was inoperative to communicate title, in consequence of the previous conveyance by Hudson to his son. The complainant likewise, after the purchase at execution sale, purchased in the outstanding title of the heirs of Levi Smith, one of the joint grantees. Upon this state of facts the defendant, who is in possession, refuses to admit the complainant as a tenant in common, and denies his interest in the land.

It is clear that by their joint purchase, they became tenants in common of the land. The purchase by the defendant of the supposed interest of Hudson's two sons, was perhaps supererogatory, as it is obvious the conveyance to them was inoperative against the creditors of their father.

But, supposing the contrary of this to be true, still, inasmuch as the parties stood in the relation of tenants in common, the purchase of an outstanding title, or the removal of an incumbrance upon the land purchased, by either party, would inure to the common benefit of both ; of course they must equally contribute to the expense thus incurred. This doctrine is well settled.—(See Tisdale vs. Tisdale, 2 Sneed. 596.) Neither party, by buying up an outstanding title, can claim to appropriate the land, under it, to his own exclnsive use. The decreee will be affirmed.

*Decree affirmed.*

This principle rests on the privity between the parties, and the fidelity and good faith which the connection implies. Tisdale v. Tisdale, 2 Sneed, 596 ; Van Horn v. Fonda, 5 Johns. Ch. R. 407 ; Lee v. Fox, 6 Dana, Ky. R. 176 ; Sneed v. Atherton, Ib. 278, 281. And even after partition, either party is estopped from setting up any previously existing adverse title against the other, in reference to the part apportioned to him. Coleman v. Coleman, 3 Dana, Ky. R. 403. But see Glass v. Hawkins, *Infra*, and the Tennessee authorities there collected *in notis.*

The doctrine is of universal application, and applies to trustees, guardians, executors, solicitors, co-sureties, and all persons occupying a relation of trust and confidence towards others.

Field v. Pelot, McMullan Eq. R. 370 ; South Memphis v. Howard, *supra* 98 ; Nesbitt v. Tredermick, 1 Ball B. 46 ; Van Epps v. Van Epps, 9 Paige, 237 ; Tanner v. Elworthy, 4 Beavan, 487 ; Dickenson v. Codwise, 1 Sandf. Ch. R. 215 ; Taylor v. Plumer, 3 Maule & Selw. 574, 576 ; Conrad v. Atlantic Ins. Co., 1 Pet. Sup. Ct. R. 448 ; Hassal v. Smithers 12 Ves. 119 ; Murray v. Lylburn. 2 Johns. Ch. R. 441 ; Haille v. Smith, 1 Bos. & Pull. 563. But one tenant in common may deny the title of his co-tenant, and bring ejectment against him. Washington v. Conrad, 2 Humph. 562. But not until disseissin and actual

ouster, so as to give effect to the statute of limitations against him Story v. Saunders, 8 Humph. 663 ; Hubbard v. Ward, 1 Sneed, 276 . Until actual ouster, ejectment will not lie by one tenant in common against another.

Story v. Saunders, *ubi supra*; Barnitz v. Casey, 7 Cranch, 456 ; Valentine v. Northup, 12 Wend. 494 ; Blanton v. Vanzant 22 Swan 77 ; Parker v. Elder, 11 Humph. 546.