W. R. CORNELIUS *v.* CITY BANK OF MEMPHIS and others.

### April Term, 1875.

LOST RECORDS — APPLICATION TO SUPPLY. — The affidavit of the solicitor of the complainant, and of a deputy clerk of the court, of the loss of papers constituting the record of a cause, are not sufficient to sustain an application to supply such papers.

SAME. — Suggestions made as to the preliminary proof to sustain an application to supply lost records, and the mode of proceeding in such cases.

*D. F. Wilkin,* for complainant.

THE CHANCELLOR: — Bill filed May 8, 1871, to enjoin the execution of a judgment in the Circuit Court of Davidson County, Tennessee, in favor of defendant the City Bank of Memphis, purporting to be by confession of the complainant and the defendant J. B. McCaffrey, on February 11, 1871, upon a power of attorney alleged to have been executed by McCaffrey alone, in the firm name of McCaffrey & Cornelius, after the firm had been dissolved by agreement. The bill also sought a discovery of usury taken by the defendant the City Bank, from the firm of McCaffrey & Cornelius, in the transactions out of which the claim grew on which the judgment by confession pur-

ports to be based. The defendants, the City Bank and McCaffrey, on May 24, 1871, filed separate answers to the bill. Exceptions to the sufficiency of these answers were taken, some of which, it seems, were sustained by the master. At this point of litigation the answers and exceptions, it is said, disappeared. The solicitor of the complainant has now presented his own affidavit, and the affidavit of the deputy clerk, of the loss of these papers. The affidavit of the solicitor is, in substance, that he has made search among his own papers, and diligent inquiry elsewhere, and especially of the defendants' counsel, and has not been able to find the missing papers. The other affidavit is to the effect that the affiant, the deputy clerk, has caused diligent search to be made among the files of papers in the clerk's office for the answers, exceptions, and rulings of the clerk thereon, and " they are nowhere to be found." Upon these affidavits, the counsel of the complainant moves that the defendants be ordered to supply the missing answers, or that the injunction obtained on filing the bill be made perpetual, or for some other order to bring the case to a close. The two alternative motions may be dismissed without further notice. The court has, of course, no power to grant a perpetual injunction, or bring the case to a close, except by a hearing on the merits.

The Code, sec. 3907, provides as follows : " Any record, proceeding, or paper filed in an action, either at law or in equity, if lost or mislaid unintentionally, or fraudulently made away with, may be supplied, upon application, under the orders of the court, by the best evidence the nature of the case will admit of."

This provision of the statute, it has been truly said, is only the common law itself, applicable to lost records. *Lane* v. *Jones*, 2 Coldw. 319 ; *Pierce* v. *Bank of Tennessee*, 1 Swan, 268. For, to use the words of Turley, J., one of the eminent judges of this state, " The power of courts to amend and supply their records, when they have

been left imperfect by the misprision of the clerk, or have been destroyed, either by accident or design, cannot be disputed; its existence is essential to a correct administration of justice." *The State* v. *Harrison*, 10 Yerg. 546. Instances of the exercise by courts of the power of supplying lost records will be found in *Jesson* v. *Brewer*, 1 Dick. 370; *Williams* v. *Floyer*, 1 Dick. 324; *Jones* v. *Donithorne*, 1 Dick. 352; *Brown* v. *Alexander*, 1 Tenn. 296. And see *Burton* v. *Driggs*, 20 Wall. 134; *Randall* v. *Payne*, 1 Tenn. Ch. 145.

The first step necessary to be taken in order to supply a lost record is to establish the fact that it has been unintentionally lost or mislaid, or fraudulently made away with. *Graves* v. *Keaton*, 3 Coldw. 12. If the clerk, who is made by law the custodian of the records of the court, did rigidly retain them in his possession, his affidavit alone would ordinarily be sufficient evidence of loss. 1 Greenl. on Ev., sec. 509. But, as a matter of fact, the clerks of this state do not keep the records in their offices, but permit them to be taken out by the solicitors in the cause, and, in general, the papers on file are oftener out of the clerk's office than in it. Under the circumstances, the affidavit of the clerk alone would not meet the requirements of the law. *The State* v. *Harrison*, 10 Yerg. 542. And the affidavit of the deputy clerk is clearly inadmissible without showing why the clerk himself has not made the necessary statement. The officer's affidavit should be supplemented by the affidavits of the solicitors of both parties, unless a satisfactory excuse can be given for the failure to produce them.

If the evidence adduced should be sufficient, there must be an adjudication by the court of the fact of loss or destruction. *The State* v. *Harrison*, 10 Yerg. 542. An order might then be made directing the missing record to be supplied by secondary evidence. *Tyree* v. *Magness*, 1 Sneed, 276; *Galbraith* v. *McFarland*, 3 Coldw. 277. The statute,

as well as the common law, requires this to be done by the best evidence the nature of the case will admit of. 1 Greenl. on Ev., secs. 84, 558; *Pharis* v. *Lambert*, 1 Sneed, 330; *Bates* v. *Russell*, 5 Sneed, 222. Upon the production of the evidence, the court declares its sufficiency, or orders the supplied papers to be substituted for the original.

By the Code, sec. 3908, if the lost paper be a deposition, the court may, in its discretion, order the testimony to be retaken, if the witness is living. Within the spirit of this provision, and perhaps in accordance with the common law, the court might, in its discretion, order new bills or new answers to be prepared, if the parties are alive. It is obvious, however, that this is a discretion to be exercised with due caution, for the opportunity of filing a new bill or a new answer might, under some circumstances, be an inducement to the loss of papers. And such discretion cannot be allowable where a copy of the previous pleading can be had, nor where the new pleading is in conflict with the old, as shown by the testimony. The precise mode to be pursued must be left to be determined upon the evidence and the circumstances of each case.

Applying these principles to the case before us, it is clear that the preliminary proof of loss is insufficient. The affidavit of the clerk, which could only be made by him after a careful and diligent examination of the papers in his office, is wanting. There is, moreover, no affidavit of the defendants' counsel, nor any excuse for its non-production. The supposed missing papers are the answers of the defendants, the exceptions of the complainant to them for insufficiency, and the rulings of the master on these exceptions. It is the complainant who is seeking, as it is his duty, to hasten the trial of the cause. If he will make the preliminary proof required to enable the court to adjudge that the missing papers are lost, or unintentionally mislaid, it will be for him to say whether he will undertake to supply these papers, or allow the defendants to file new answers. If he elect to

permit them to answer again, I will make a rule on them to file such answers within a given time, subject to exception as before; otherwise, the bill may be taken for confessed against them. If the papers are actually lost, the defendants cannot complain of such an order, for it gives them the opportunity of relying upon all the defences relied on in their original answers. The complainant is not compelled to adopt the latter course, and the matter will be left open for such order as the nature of the case developed may require.

This is not a case requiring the complainant to resort to an original bill in continuation of the previous proceedings, under the decision of the Supreme Court in *Alley* v. *Carrol,* 6 Heisk. 228.