## THE STATE v. L. D. CAUDLE, Appellant.

Division Two, June 11, 1923.

1. **PRELIMINARY EXAMINATION: Larceny of Automobile.** Where the information charged that defendant stole an automobile in another state and brought it into this State, and he had previously been given a preliminary examination on an affidavit charging him with stealing and carrying away the automobile, his plea in abatement, asking that the information abate on the ground that he had not been accorded a preliminary examination on the identical charge contained in the information, was properly overruled. The statute (Sec. 3685, R. S. 1919) authorized his prosecution in the same manner as if he had actually stolen the car in the same county in which the information was filed.

2. **INSTRUCTION: Unexplained Possesson of Stolen Goods: Presumption.** The giving of an instruction telling the jury that recent and unexplained possession of an automobile stolen in another state raises a conclusive presumption that defendant stole it, is reversible error.

3. **OPENING STATEMENT: Including Facts of Another Crime.** The information charged that defendant had stolen a Buick automobile in Oklahoma and brought it into this State. The prosecuting attorney, in his opening statement to the jury, repeatedly stated, over objections of defendant, and with the sanction of the court, that the evidence will be that the Buick car was stolen and that this defendant had it in his possession in this city and that the manufacturer's number on the car was changed, and that about the same time the defendant had another car, a Hudson car, and the number on it was changed. On cross-examination of defendant, when nothing of the kind had been referred to in his examination in chief, the prosecuting attorney asked him if he did not have in his possession a Hudson car on which the number had been changed. An objection to this question was sustained on the sole ground that nothing of the kind had been referred to in defendant's direct examination. Aside from this improper question, no evidence was offered that even remotely tended to show that defendant had in his possession a stolen Hudson car, or that the number on a Hudson car had been changed. *Held*, that the opening statement of the prosecuting attorney was improper and reversible error.

State v. Caudle.

· Appeal from Greene Circuit Court.—*Hon. Orin Patterson,* Judge.

REVERSED AND REMANDED.

*C. H. Jackson* and *O. E. Gorman* for appellant.

(1)   No preliminary examination as contemplated by the Constitution and statutes was accorded the defendant.   The pretended preliminary examination was held before Thos. R. Gibson, judge of the municipal court within and for Springfield and *ex-officio* justice of the peace within the limits of the city of Springfield only by virtue of his being municipal judge.   The defendant was accorded a preliminary examination on an entirely different charge before the said Gibson than the one he was herein convicted for.   Sec. 201, p. 504, Laws 1913; Sec. 1, p. 224, Laws 1913; Secs. 3746, 3759, R. S. 1919. (2)   The evidence showed that some other person than defendant had actually stolen the car and the court had no jurisdiction of the offense.   Sec. 3685, R. S. 1919; State v. Mintz, 189 Mo. 268; Secs. 3723, 3724, R. S. 1919. (3)   The remarks of the assistant prosecuting attorney before the jury were highly prejudicial and improper. The remarks that the defendant had a certain Hudson car on which the numbers were changed; that the defendant had another stolen car in his possession, referring to the Hudson car, when there was no evidence that the defendant had any stolen Hudson automobile and the attorney well knew that there was not the slightest bit of evidence that the defendant had any such car in his possession, nor the slightest foundation upon which to base such a statement; the statement that the defendant's witnesses in the State of Texas were not reputable and that they helped him to steal the car, and the further statement that he might try Mr. Bibb next, all were highly prejudicial to the rights of defendant.   State v. Burns, 228 S. W. 766; State v. Jackson, 95 Mo. 652; State v.

Spray, 174 Mo. 569; State v. Saunders, 232 S. W. 973; State v. White, 223 S. W. 683.

*Jesse W. Barrett,* Attorney-General, and *Henry Davis,* Assistant Attorney-General, for respondent.

(1) Since a defendant who steals property in a foreign state and brings it into this State may be tried in the same manner as if the property had been stolen within this State, a preliminary hearing based upon a complaint alleging that the property was stolen in this State will support an information which charges the original taking to have been in another state. Sec. 3685, R. S. 1919; State v. Mintz, 189 Mo. 268, 289. (2) A municipal judge in a city of the second class is *ex-officio* a justice of the peace with jurisdiction to conduct the preliminary examinations of persons charged by the State with the commission of a felony. Sec. 8163, R. S. 1919. (3) Where the evidence of the larceny is that the defendant was found in possession of the stolen property four months after the theft of it, and there is also evidence of an incriminating statement made by the defendant, it is sufficient to warrant a conviction. (4) The giving of an instruction which tells the jury that the recent and unexplained possession of stolen property raises a conclusive presumption of guilt unless explained, is a comment on the testimony and constitutes reversible error. State v. Swarens, 241 S. W. 935; State v. Tracy, 243 S. W. 177. (5) It is not error for the prosecuting attorney in his opening statement at the trial of one charged with larceny to tell the jury that the proof will show at the time alleged the defendant was in possession of stolen property other than that for which he was being tried. State v. Moore, 101 Mo. 316; State v. Flynn, 124 Mo. 480, 482; State v. Smith, 250 Mo. 350, 368; State v. Patterson, 271 Mo. 99, 109.

RAILEY, C.—On November 24, 1920, the Prosecuting Attorney of Greene County, Missouri, filed in the

criminal court of said county, a verified information, which, without caption and signature, reads as follows:

"O. J. Page, Prosecuting Attorney within and for the County of Greene, in the State of Missouri, under his oath of office informs the court that L. D. Caudle, late of the county and State aforesaid, on the —— day of October, A. D., 1920, at the County of Greene and State of Missouri:

"One Buick automobile of the value of $1500 of the goods and chattels of one C. M. Portwood then and there being in the State of Oklahoma feloniously did steal, take and carry away into the County of Greene and State of Missouri. Contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State."

On December 17, 1920, defendant filed a verified plea in abatement, in which the trial court was asked to abate the information on the ground that said defendant had never been accorded a preliminary examination as the law requires on the identical charge in the information. The trial court, after hearing the evidence submitted in behalf of defendant on said plea in abatement, overruled the same and, on December 18, 1920, defendant filed a motion to quash said information, for the alleged reason that it did not state facts sufficient to constitute any crime against the laws of the State of Missouri. Said motion to quash the information was likewise overruled. The defendant was duly arraigned and entered his plea of not guilty. He was tried before a jury at the November term, 1920, of said criminal court, and, on the 18th day of December, 1920, the jury returned into said court the following verdict:

"We, the jury, find the defendant guilty in manner and form as charged in the information, and assess his punishment at a term in the State Penitentiary of two years."

Defendant, in due time, filed motions for a new trial and in arrest of judgment, both of which were

overruled. Thereafter, the court rendered judgment and pronounced sentence on defendant, in accordance with the terms of said verdict; and from the judgment aforesaid, he was granted an appeal to this court.

The evidence on behalf of the State tended to show, that on the night of June 6, 1920, the Buick automobile of C. M. Portwood was stolen from his garage in the town of Snyder, in the State of Oklahoma; that the engine number placed on this car by the manufacturer was 552001; that about the middle of October, 1920, the defendant drove said Buick automobile from Wichita Falls, in the State of Texas, to Springfield, in Greene County, Missouri, where it remained until taken by Clarence Welch, chief of police of said city of Springfield. On October 25, 1920, defendant was arrested on the written complaint of H. L. Lamb, which charged him with the larceny of said car, in the city of Springfield, Missouri, on the —— day of June, 1920. On November 4, 1920, defendant was given a preliminary examination, before Thomas R. Gibson, municipal judge, and *ex-officio* justice of the peace of the city of Springfield, in the County of Greene and State of Missouri, and the defendant, upon said examination, was held to appear before the criminal court of Greene County aforesaid, to answer said charge. It appeared from the State's evidence that the number of said Buick car was examined at Springfield, and that the number on the engine of said car was found to have been changed, so as to make it appear 520007 instead of 552001, placed thereon by the manufacturer. Snyder, Oklahoma, was approximately seventy-five miles from Wichita Falls, Texas.

The chief of police testified that defendant, in speaking of Welch's former effort to arrest him, said: "If you had got me when you was after me you would got me with my breeches down, but I am fixed for you now."

The evidence on behalf of defendant, tended to show, that he was born in Wright County, Missouri, and lived in Greene County aforesaid for about twenty-six years,

during which time he worked for a railroad; that about the 1st of October, 1920, he purchased the automobile in controversy from W. Lindsay Bibb, a practicing lawyer in Wichita Falls, Texas, who claimed to be the owner thereof; that on July 13, 1920, B. L. Wirt sold the automobile in question to W. Lindsay Bibb for $1450, and executed a bill of sale therefor; that on July 13, 1920, said Bibb made application for a license for a Buick automobile with engine number 520007 thereon, and that he operated said car in Wichita Falls until the same was traded to defendant; that defendant had known Bibb as a practicing lawyer for about five years, and said that he was a man of good reputation.

The defendant testified that he had never been in Snyder, Oklahoma; that he did not steal the car in question, and did not know the engine number of same had been changed, until he learned it from Chief of Police Welch, at Springfield, Missouri; that in June, 1920, he was in the hotel business at Wichita Falls; that the car claimed by C. M. Portwood as his own, was the same car which Bibb operated at Wichita Falls for three months and sold to appellant, who drove it to Springfield, Missouri.

The instructions and rulings of the court will be considered, as far as necessary, in the opinion.

I. It is contended by appellant that his plea in abatement should have been sustained on the alleged ground that no legal preliminary examination was accorded him under the Constitution and Statutes of Missouri.

Preliminary Examination.

Springfield is a city of the second class, and is located in Greene County, Missouri. Thos. R. Gibson was the municipal judge and *ex-officio* justice of the peace, in said city. He had jurisdiction within the limits of said city, as to crimes and misdemeanors. [Sec. 8163, R. S. 1919.] Under this section of the statute, the chief of police at Springfield was *ex-officio* constable of said city. An affidavit for a State warrant against defend-

ant was made by H. L. Lamb, in which appellant was charged with feloniously stealing and carrying away one Buick automobile, five-passenger, model K-45, all the property of C. M. Portwood, of the value of $1,500, etc. This affidavit was sworn to before said Gibson, as municipal judge and *ex-officio* justice of the peace. A warrant was issued by said Gibson for the arrest of defendant, and pursuant to said warrant the arrest was made, and defendant demanded an examination, which was given him, and he was held for the criminal court of said county. The information heretofore set out on which defendant was tried, charges him with having stolen the automobile of C. M. Portwood, in the State of Oklahoma; and also charges that he feloniously stole and carried the same away into Greene County, Missouri. The information was sufficient, and authorized the prosecution of defendant in Springfied, Missouri, in the same manner as though he had actually stolen the car in said city. [Sec. 3685, R. S. 1919; State v. Mintz, 189 Mo. 268, 289 et seq.; State v. Bennett, 248 S. W. 924.]

We are of the opinion, that the trial court committed no error in overruling appellant's plea in abatement, nor did it err in overruling his motion to quash the information.

II. Instruction numbered one, given by the court over the objection of defendant, in respect to recent and unexplained possession of stolen property raising a con-

Unexplained Possession: Presumption of Guilt.

clusive presumption of guilt, has been condemned by this court in the following recent cases: State v. Swarens, 294 Mo. 139; State v. Tracy, 294 Mo. 372; State v. Barker, 294 Mo. 303; State v. Bennett, 248 S. W. (Mo.) l. c. 925. The Attorney-General confesses error on account of the giving of said instruction.

III. It is contended by appellant that the trial court evidence will be that this car was stolen and this defend-

ing statement to the jury, over the objection of defend-
ant, to state that appellant was in pos-
**Opening Statement: Mis-Statement of Fact.** session of a Hudson automobile at
Springfield, which had been stolen, its
number changed, and which had no re-
lation to the theft of the Buick automobile, under in-
vestigation.   The prosecuting attorney said:

"The testimony will further show, and I believe,
under the instructions of the court, it will be competent
testimony, that about the same time the defendant had
another car in Springfield—

"By Mr. Jackson: The defendant objects to any
other car that anybody might have had, the defendant
or anybody else.

"By the Court: Objection overruled; I can't tell
about these statements before I hear them.   To which
ruling defendant duly excepted at the time.

By Mr. Lovan (Continuing his statement): About
the same time in Springfield this defendant had another
car, a Hudson car, and the number on it was changed.

"By Mr. Jackson: Defendant objects to this state-
ment because the defendant is not charged with stealing
a Hudson car or changing the number.

"By Mr. Lovan: I think it will be material in view
of the fact that it will be proven that the car was stolen
and he had it; any sort of a defense he can make, it will
be material as to his good intentions, as to his criminal
intentions, if he had at the same time another car which
was stolen.

"By the Court: I will rule on the evidence when
I get to it; proceed with your statement.

"By Mr. Jackson: Defendant objects to the state-
ment and asks that it be withdrawn from the jury.

"By the Court: Objection overruled and request re-
fused at this time.   To which ruling defendant duly ex-
cepted at the time.

"By Mr. Lovan (Continuing his statement): The
evidence will be that this car was stolen and his defend-

ant had it in his possession in Springfield, and that the number on the car was changed. . . . About the same time he had another car, a Hudson car, and the number on it was changed. . . .

"By MR. JACKSON: Defendant objects to that portion of the statement that refers to any other car than the Buick car as charged in the information, and asks that the jury be instructed not to consider it.

"By THE COURT: Objection overruled, and request refused. To which ruling defendant duly excepted at the time."

The prosecuting attorney, on the cross-examination of defendant, when nothing of the kind had been referred to in chief, and which he must have known was not proper cross-examination, asked the defendant if he did not have in his possession a Hudson car on which the number had been changed. The court, after some discussion, finally sustained the objection, on the ground that nothing of the kind had been referred to in chief. There was no evidence offered by the State, aside from the above, even remotely tending to show that defendant had in his possession a stolen Hudson car, and that the number on same had been changed. The statements of the prosecutor went to the jury with the sanction of the court as a statement of facts. There was no claim made by the prosecutor that the alleged theft and changing of the number on the Hudson car had any connection whatever with the alleged theft of the Buick car in Oklahoma, nor that it threw any light on the question as to whether defendant, in June, 1920, stole the Buick car from C. M. Portwood in Snyder, Oklahoma, as charged in the information. We are of the opinion that the prosecuting attorney was not within the law in bringing the above matter into the case, to the prejudice of defendant as above shown. Even if the prosecutor had offered to show by testimony, that defendant had in his possession a car that had been stolen by some one, and the number thereon changed, it would not have been competent unless con-

nected in some way with the alleged theft of the Buick car in the State of Oklahoma. [State v. Saunders, 288 Mo. 640; State v. Austin, 234 S. W. (Mo.) 803; State v. Cummins, 279 Mo. l. c. 204 and following; State v. Boatright, 182 Mo. l. c. 51; State v. Spray, 174 Mo. 569; State v. Goetz and Martin, 34 Mo. 85.]

We are of the opinion, that the foregoing remarks of the prosecuting attorney were improper, and that the trial court should have sustained defendant's objections thereto.

IV. As this case will have to be reversed and remanded for a new trial, we desire to further record our reasons for holding that, in a case of this character, the State should not be permitted to offer evidence for the purpose of showing that defendant was in possession of a Hudson car, at Springfield, which was alleged to have been stolen and the numbers thereon changed.

At the outset, it should not be forgotten that defendant is presumed to be innocent of the crime charged against him in this case until proven guilty, and this presumption continues until the case is determined. The same presumption would obtain with respect to the theft of the Hudson car. We then have as a concrete case, defendant charged with grand larceny. The State sought to prove his guilt by showing that the Buick car was stolen in Oklahoma; that the engine number on same was changed; that defendant, within a few months after the theft, was found in possession of said car at Springfield, Missouri. Under the ruling in the Swarens Case, supra, the jury, in the absence of a satisfactory explanation by defendant as to the legality of his possession, had the right to draw the inference from the foregoing, if they saw fit to do so, that appellant was the thief. Taking up the collateral inquiry as to the Hudson car, at most, the jury could infer that defendant stole the Hudson car if evidence in relation thereto should be admitted. Hence, the inference drawn from the collateral inquiry in the Hudson Case, it

*Inference Upon Inference.*

is claimed, might be considered by the jury, in corrob-
orating an inference of guilt in the case at bar. Thus
we would have one inference piled upon another inference
to establish defendant's guilt. According to our concep-
tion of the law, the guilt of defendant could not be legally
established in any such manner. [Yarnall v. Railway
Co., 113 Mo. l. c. 580; Hays v. Hogan, 273 Mo. l. c. 24-5;
State v. Hollis, 284 Mo. l. c. 631-2; Atherton v. Railway
Mail Assn., 221 S. W. (Mo. App.) l. c. 756.]

(a)  Aside from the foregoing, what becomes of de-
fendant's constitutional rights, if another collateral and
independent criminal charge can be in-
jected into the case on trial? Section
22 of Article II of our Constitution provides that: "In
criminal prosecutions the accused shall have the right
. . . to demand the nature and cause of the accusa-
tion."

Constitutional Right.

Section 12 of the same article provides, that: "No
person shall be prosecuted criminally for felony or mis-
demeanor otherwise than by indictment or information,
which shall be concurrent remedies."

Coming back to the concrete case in hand, we find
the State, without any criminal charge lodged against
defendant as to the theft of the Hudson car, attempting,
in a collateral proceeding, to blacken the character of
defendant in order to establish an inference of guilt, to
bolster another inference, which the jury were expected
to indulge, as to defendant's guilt. According to our
conception of the law, if the provisions of our Constitu-
tion supra, be given a reasonable construction, evidence
relating to the theft of the Hudson car was inadmissible.

(b)  Let us proceed with this same inquiry one step
further. The evident purpose in offering evidence as
to defendant being in possession of a stolen Hudson car
with the number changed, would be to authorize the jury,
from this specific act, to draw the inference
that defendant was a thief. We have uni-
formly held that specific acts of the above
character are not admissible in attacking character, where

Impeachment:
Specific Acts.

no judgment of conviction has been rendered. Some of the cases announcing this doctrine are as follows: 22 R. C. L. secs. 210, 211, pp. 622-3-4; State v. Osborne, 246 S. W. (Mo.) l. c. 879; State v. Lasson, 292 Mo. 155; State v. Allen, 290 Mo. 258; Wright v. Kansas City, 187 Mo. l. c. 692-3; State v. Gesell, 124 Mo. 531; State v. Rogers, 108 Mo. l. c. 204.]

(c)   In the earlier history of our State, where suit was brought on a promissory note and its execution denied under oath, the plaintiff was not permitted to introduce in evidence checks, alleged to have been drawn by defendant on the bank and paid, in order to have the signatures thereto compared with the signature to the note sued on, unless the signatures to said checks were admitted to be in the handwriting of defendant, or unless it appeared he was estopped in some manner from denying the genuineness of same. [Rose v. Bank, 91 Mo. 399; State v. Minton, 116 Mo. 605; State v. Thompson, 132 Mo. l. c. 325; Sanders v. Bldg. & L. Assn., 178 Mo. l. c. 679, 680.]   The law remained as above indicated until changed by the Legislature in 1895 (Laws 1895, p. 284), and is now known as Section 5438, Revised Statutes 1919.   The common-law theory of procedure prior to the above change was based on the idea that a collateral issue, which required investigation, could not be injected into the case on trial.

*Collateral Issue.* (margin note)

As a part of the judicial history of the State, it might not be inappropriate to explain how the above rule of law happened to be changed.   A country lawyer representing the plaintiff in a suit on a promissory note, where the execution of same was denied under oath, was unable to produce for the purposes of comparison, any document admitted by defendant to be genuine, and lost his case before a jury because of his inability to make the proof.   The Legislature was in session shortly afterwards, and through the efforts of said attorney, the Act of 1895, supra, was passed.   Soon after the passage of said act, the same lawyer was employed to defend a suit

on a promissory note, where the plea of *non est factum* was interposed, and was again beaten, through the liberal provisions of his own act.

(d) Viewed from any angle, we are decidedly of the opinion, that testimony relating to the alleged theft of the Hudson automobile has no place in the trial of this case, and should be excluded.

V. We have given full consideration to the questions presented in the respective briefs of counsel. On account of the errors heretofore pointed out, the cause is reversed and remanded for a new trial. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. *David E. Blair, P. J.,* and *Walker* and *White, JJ.,* concur in Paragraphs I, II and III, and in the result.

WHITE, J. (concurring).—I concur in the result reached in this case by RAILEY, C., but do not concur in the discussion in Paragraph IV of the opinion. The opinion states in Paragraph III that "no evidence was offered remotely tending to show the defendant had in his possession a stolen Hudson car." That was not the car which he was charged in the information with stealing. The admissibility of evidence showing the commission of a crime similar to the one for which the defendant was on trial did not arise in the case and the discussion upon that subject is entirely *obiter*, besides stating some general propositions in respect to the admissibility of evidence of other crimes which are not only unnecessary to the determination of the case but might be misunderstood by the bar.

For the reason stated I concur in the result only.